NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALLEY'S OF KINGSPORT, INC., ARROW FORD, INC., AXELROD CHRYSLER DODGE JEEP, INC., AXELROD CHRYSLER, INC., BARRY DODGE INC., BENNETT AUTOPLEX INC., BENSON MOTOR INC., BOB TAYLOR JEEP, INC., BONDY'S FORD, INC., BROTHER'S MOTORS, INC., CARDENAS MOTORS, INC., CARSON AUTOMOTIVE INC., CDOHY, INC., CRAIN CDJ, LLC, CUNNINGHAM CHRYSLER JEEP, INC., CURFIN INVESTMENTS, INC., DET AUTOMOTIVE GROUP, INC., DJ-MACK INC., DON PHILLIPS & SON SR. ENTERPRISES, INC., DOUGLAS AUTOMOTIVE GROUP, INC., ERTLEY CHRYSLER JEEP DODGE, LLC, FITZGERALD AUTO MALLS, INC., FT AUTOMOTIVE II, LLC, FT AUTOMOTIVE IV, LLC, G.K. ALCOMBRACK, INC., GOLDEN MOTORS, INC., HAHN MOTOR COMPANY, HOOVER MOTORS HOLDING CO., INC., HOOVER DODGE, INC., I.M. JARRETT & SON, INC., JEFF HUNTER MOTORS, INC., JOHNSON COUNTY MOTORS, L.C., BILL KAY SUZUKI, INC., KINGSTON DODGE, INC., LFCJ, INC., MANCARI'S OF ORLAND HILLS, INC., MARKETPLACE SUZUKI, INC., MARSTALLER MOTORS, INC., MELCHIORRE, INC., MILLER-CAMPBELL COMPANY, MILLER MOTOR CAR CORPORATION, MILNER O'QUINN CHRYSLER DODGE JEEP, INC., MORONG BRUNSWICK, NEIL**

HUFFMAN ENTERPRISES, INC., NEIL HUFFMAN, INC., PAINTER SALES AND LEASING, PAINTER'S SUN COUNTRY CHRYSLER, INC., PEN MOTORS, INC., PLEASANT VALLEY MOTORS, INC., PRESTON CHRYSLER JEEP, INC., PRIDE CHRYSLER JEEP, INC., REUTHER DODGE LLC, REUTHER'S INVESTMENT COMPANY, RFJS COMPANY, LLC, SCK, INC., SCOTIA MOTORS, INC., SHOEMAKER AUTO GROUP, INC., SOUTH SHORE AUTO LINES, INC., STAR CHRYSLER, INC., TAMAROFF 12 MILE MOTORS, INC., TARBOX CHRYSLER JEEP, LLC, TARBOX MOTORS INC., TENAFLY CHRYSLER JEEP, INC., THE UNION SALES COMPANY, THOMAS SALES & SERVICE, INC., VERONA MOTOR SALES, INC., WACO DODGE SALES, INC., WALKER MOTORS, INC., WESTMINSTER DODGE, INC., WHEATON MOTOR CITY, INC., WHEELER LEASING CO. II, INC., WHITEY'S, INC., WILLIAM T. PRITCHARD, INC., WYCKOFF CHRYSLER, INC., YOUNG VOLKSWAGEN, INC., A&D AUTO SALES, INC., ARCHER CHRYSLER JEEP WEST, INC., ARCHER CHRYSLER PLYMOUTH, INC., ARCHER DODGE, INC., ARCHER FINANCIAL HOLDINGS, INC., BOARDWALK AUTO CENTER, INC., BOB LUEGERS MOTORS, INC., BOB ROHRMAN MOTORS, INC., BURKE AUTOMOTIVE GROUP, INC., BURKE BROTHERS, INC., BY FISHEL'S JEEPS, INC., CARSON CJ, LLC; CENTURY DODGE, INC., CHILSON, INC., CLARKSTON MOTORS, INC., COLEMAN AUTO GROUP, INC., COLEMAN CHRYSLER JEEP, INC., COUNTRY MOTORS, INC., DAVE CROFT MOTORS, INC., DODGE OFENGLEWOOD, INC., DON DRENNEN

ALLEY'S OF KINGPORT V. US

CHRYSLER JEEP, INC., DONATO & SON'S JEEP, INC., EJE, INC., EL DORADO MOTORS, INC., ELHART DODGE, INC., ELHART PONTIAC-GMC TRUCK, INC., FORT MORGAN AUTO CENTER, INC., FOX HILLS MOTOR SALES, INC., GRAYSON PONTIAC, INC., GRESHAM CHRYSLER JEEP, INC., GRUBBS NISSAN MID-CITIES LIMITED, HAMILTON CHRYSLER, INC., HARVEY M. HARPER CO., ISLAND JEEP, INC., JAMES W. HALTERMAN, INC., JELMAC LLC, JIM MARSH AMERICAN CORPORATION, JOHN CULLEN DODGE, LLC, KITAGAWA MOTORS, INC., KOVATCH FORD, INC., LEE PETERSON MOTORS, INC., LENIHAN JEEP, INC., LIVONIA CHRYSLER JEEP, INC., LUNT MOTOR COMPANY, MANUEL DODGE, LTD., MATT MONTGOMERY, INC., MATTHEWS CHRYSLER, INC., MT. CLEMENS DODGE, INC., NEW CITY AUTO SALES, INC., NORTHGLENN DODGE, INC., QUALITY JEEP-CHRYSLER, INC., RHODEN AUTO CENTER, INC., RICHARD CHRYSLER JEEP, INC., RIVERSIDE AUTO SALES OFMARQUETTE, INC., ROCK OF TEXAS AUTOMOTIVE, INC., ROHR- ALPHA MOTORS, INC., SCOTT CHEVROLET, INC., SIEMANS IMPORTS, INC., SOUTHEAST AUTOMOTIVE, INC., TAYLOR & SONS, INC., TED BRITT OF FREDERICKSBURG, INC., TETON MOTORS, INC., TOMSIC MOTOR COMPANY, TRANSIT LLC, TRI-STATE AUTOMOTIVE ASSOCIATES, INC., URKA AUTO CENTER, INC., VALLEY DODGE, INC., VIC OSMAN LINCOLN-MERCURY, INC., VILLAGE CHRYSLER JEEP, INC., WALLACE CHRYSLER JEEP, LLC, WESTSIDE DODGE, INC., WRIGHT DODGE, LLC, AND LOU BACHRODT CHEVROLET, INC.,
*Plaintiffs-Respondents,*

**v.**

**UNITED STATES,**
*Defendant-Petitioner.*

---

Miscellaneous Docket No. 134

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(d) from the United States Court of Federal Claims in case no. 11-CV-0100, Senior Judge Robert H. Hodges, Jr.

--------------------------------------------------------------------

**COLONIAL CHEVROLET CO., INC., AND MIKE FINNIN MOTORS, INC.,**
*Plaintiffs-Respondents,*

**v.**

**UNITED STATES,**
*Defendant-Petitioner.*

---

Miscellaneous Docket No. 135

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(d) from the United States Court of Federal Claims in case no. 10-CV-0647, Senior Judge Robert H. Hodges, Jr.

---

**ON PETITION FOR PERMISSION TO APPEAL**

---

5                                    ALLEY'S OF KINGPORT V. US

Before RADER, *Chief Judge*, LOURIE and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## O R D E R

The United States petitions for permission to appeal from orders certified by the United States Court of Federal Claims as ones involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of these similar suits. Alley's of Kingport, Inc. et al. and Colonial Chevrolet Co., Inc. oppose. Alley's of Kingsport also moves without opposition to reform the caption in 2012-M134.

These petitions stem from complaints brought by former owners of Chrysler and General Motors (GM) automobile dealerships against the United States in the Court of Federal Claims. The complaints allege that in response to a global financial crisis, the United States government invested billion of dollars in Chrysler and GM as part of the Troubled Asset Relief Program and Automotive Industry Financing Program. The complaints further allege that as a condition of receiving funding, the government forced Chrysler and GM to terminate dealership franchise agreements through bankruptcy proceedings. The thrust of the complaints is that the forced termination of the franchise agreements amounted to a taking for public use, and thus the government should pay the plaintiffs just compensation.

The United States moved to dismiss in both cases on the ground that the complaints neither allege sufficient facts nor a viable legal theory that would support a takings claim against the government, but Federal Claims disagreed. The court acknowledged that the

plaintiffs' allegations were unusual and their takings theory did not "fit neatly into a normal takings framework." Nonetheless, the court explained that takings theories must be considered in accordance with their surrounding events and circumstances, and that the plaintiffs should have the opportunity to develop a case that may turn out to be unique. Accordingly, Federal Claims denied the government's motions to dismiss.

The United States asked Federal Claims to certify, for interlocutory appeal under 28 U.S.C. § 1292(d), the question of the complaints' adequacy. Federal Claims agreed, and we also agree that the criteria for interlocutory appeal under that section are met and that these petitions should be granted and heard on the merits by this court.

Accordingly,

IT IS ORDERED THAT:

(1) The petitions for permission to appeal are granted.

(2) The motion to reform the caption is granted. The revised official caption is reflected above.

(3) These cases shall be treated as companion cases and be argued together before the same merits panel.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s19